**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| CHONTEL M. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:11-cv-01004-TWP-DML |
| | ) |
| POLARIS LABORATORIES, LLC, | ) |
| | ) |
| Defendant. | ) |

## ENTRY

This case is an example of why the Court should use great scrutiny when exercising its discretion to permit filing of oversized briefs. In this case, Plaintiff Chontel M. Miller ("Ms. Miller") alleges she was terminated from her employment at POLARIS Laboratories, LLC ("POLARIS") in violation of Title VII of the Civil Rights Act of 1964 as amended ("Title VII") and 42 U.S.C. § 1981. Ms. Miller alleges both racial discrimination and unlawful retaliation. POLARIS moved for summary judgment on her claims. With the Court's permission POLARIS filed an oversized Brief in Support of Summary Judgment. Thereafter, Ms. Miller sought and received the Court's permission to file an oversized Response. POLARIS then sought and received permission to file an oversized Reply. Thus, the Brief in Support, Response, and Reply amount to 121 pages of briefing, not including the necessary designated evidence accompanying the original Brief in Support and Response. Ms. Miller then sought and received permission from the Court to file a 21-page Surreply, which was met with a Motion to Strike Surreply and resulting briefing—totaling another 64 pages.

In addition to the 206 pages of briefing and the necessary designated evidence, the parties have inundated the Court with additional filings. POLARIS included 210 pages of additional

evidence with its Reply, including 91 pages of appendices that break down Ms. Miller's presentation of fact in her Response. POLARIS explained in its Reply that it included the appendices "to simplify the Court's analysis, strip away the subterfuge and surplusage, and direct the Court to the *facts* that remain undisputed." Dkt. 116 at 1 n.1. (Emphasis in original.)

In this Entry, the Court, upon its own motion, **STRIKES** POLARIS's Appendices and **GRANTS in part** and **DENIES in part** POLARIS's Motion to Strike Surreply (Dkt. 122).

## I. DISCUSSION

The local rules of this district provide that supporting and response briefs (excluding tables of contents, tables of authorities, appendices, and certificates of service) may not exceed 35 pages. Reply briefs may not exceed 20 pages. However, the court may allow a party to file a brief exceeding these page limits for extraordinary and compelling reasons. See Local Rule 7-1(1) and (2). This rule is important as page limits on briefs are imposed to maintain judicial efficiency and to invoke fairness to opposing parties. The pressure of a large complex proceeding puts a premium on good organization and efficient use of time and space, but that is a good thing, not a bad thing. Consolidation allows for consistency in decisionmaking; it allows the parties and the reviewing court to see the big picture and not to be misled by fragmentation; and it saves resources for all concerned. See *Beverly California Corp v NLRB*, 227 F.3d 817, 829 (7th Cir. 2000). As in *Beverly*, the parties in this case are "apparently under the misapprehension that more is always better when it comes to briefing." *Id*. Unfortunately, "more" has produced briefing which is tedious to read, often duplicative and unnecessarily lengthy.

First, the proper place to challenge the admissibility of a non-movant's evidence alleging a material fact is in a reply brief. Additional evidence may be contained in an appendix to a

reply brief, but it is improper to reach beyond the confines of the reply brief and make further argument in an appendix. POLARIS's Reply Appendices A and B, although purporting to streamline the Court's analysis, are unnecessary and excessive. Therefore, the Court **STRIKES** the Appendices submitted with POLARIS's Reply (Dkt. 114-1 and 114-2). The Court will not consider the arguments contained therein.

Second, a surreply is allowed only when "the movant cites new evidence in the reply or objects to the admissibility of the evidence cited in the response." Local Rule 56-1. The surreply "must be limited to the new evidence and objections." *Id.* Ms. Miller's Surreply goes beyond the confines of the device, and rehashes argument made in her Response, including the standard of review. It contains some response to POLARIS's objections to Ms. Miller's evidence, but does not support the bulk of such response with citation to admissible evidence or case law in support. To the extent that Ms. Miller's Surreply specifically responds to new evidence or objections to the admissibility of evidence contained in the Reply, the Court will consider those portions. However, the Court **STRIKES** the remainder of the Surreply (Dkt. 120) as improper argument.

The Court is not a stranger to passionate advocacy or oversized briefs. Both have a place in summary judgment procedure, but can also be abused. Here, the Court finds that the parties have come perilously close to abusing the summary judgment process by bombarding the Court with unnecessary argument complete with hyperbole, veiled personal attacks on counsel and parties, and one-upmanship. The Court urges the parties and counsel to engage in passionate advocacy with collegiality, while also recognizing the Court is more than aware of summary judgment procedure, its role in deciding summary judgment motions, and what is admissible evidence.

## II. CONCLUSION

Accordingly, upon its own motion, the Court **STRIKES** POLARIS's Appendix A (Dkt. 114-1) and Appendix B (Dkt. 114-2). Additionally, POLARIS's Motion to Strike Surreply (Dkt. 122) is **GRANTED in part** and **DENIED in part**. To the extent the Surreply contains impermissible argument, the Court **STRIKES** Ms. Miller's Surreply (Dkt. 120). The Motion for Summary Judgment remains under consideration.

**SO ORDERED.**

Date: 02/12/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Raymond J. Hafsten, Jr.
hafsten@sbcglobal.net

Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@cgglawfirm.com

Jan S. Michelsen
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
jan.michelsen@odnss.com