# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| CHONTEL M. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:11-cv-01004-TWP-DML |
| | ) |
| POLARIS LABORATORIES, LLC, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON MOTION TO RECONSIDER

This matter is before the Court on Defendant POLARIS Laboratories, LLC's ("POLARIS") Motion for Reconsideration (Dkt. 134) of the Court's Entry on Summary Judgment. For the reasons stated below, the Court **GRANTS** the Motion as limited to the issue of the cat's paw theory of liability, and as a result, **GRANTS** POLARIS's Motion for Summary Judgment on Plaintiff Chontel M. Miller's ("Ms. Miller") discrimination claims under Title VII and Section 1981.

## I. BACKGROUND

The Court set forth the undisputed facts, to be considered in the light most favorable to Ms. Miller, in its Entry on Summary Judgment (Dkt. 131). Only a brief recitation is necessary here. Ms. Miller was an employee at POLARIS as a Sample Processing Technician ("Sample Processor"). She worked there from August 17, 2009 until April 29, 2010. During her employment, Ms. Miller was told that another employee—either supervisor Rhonda Ballard ("Ms. Ballard") or coworker Gina Kemp ("Ms. Kemp")—referred to her as "the colored girl." Ms. Miller also had a verbal altercation with Ms. Ballard and Ms. Kemp. On several occasions

Ms. Miller observed Ms. Ballard altering Ms. Miller's work to make it more difficult. Ms. Kemp was overheard calling Ms. Miller "stupid nigger bitch."

Throughout her employment, Ms. Miller was unable to meet production quotas and was terminated by decision makers Debbie New ("Ms. New), Manager of the Sample Processing Department, Chad Ziegler ("Mr. Ziegler"), Human Resources Manager, and Chief Operating Officer Mark Minges ("Mr. Minges"). The Court found on summary judgment that none of the decision makers—Ms. New, Mr. Ziegler, or Mr. Minges—harbored a racial animus against Ms. Miller. However, the Court found that under the "cat's paw" theory of liability, there were disputed issues of fact preventing summary judgment on Ms. Miller's discrimination claim. Additionally, the Court granted POLARIS's summary judgment on Ms. Miller's retaliation claim.

## II. LEGAL STANDARD

Motions to reconsider serve a limited function, to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Davis v. Carmel Clay Sch.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)) (additional quotations omitted). A court may grant a motion to reconsider where a movant demonstrates a manifest error of law or fact. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996). A motion to reconsider is not an occasion to make new arguments. *Granite State Ins. Co. v. Degerlia*, 925 F.2d 189, 192 n.7 (7th Cir. 1991).

## III. DISCUSSION

POLARIS seeks the Court's reconsideration of its ruling on Ms. Miller's discrimination claim. To the extent that the Motion requests reconsideration of the cat's paw analysis, the Court **GRANTS** the Motion, as this legal theory was outside the adversarial issues presented by the Court. In other words, this issue was not briefed when the Court decided the claim. In its Motion, POLARIS asserts that because the cat's paw theory was not raised in Ms. Miller's extensive summary judgment briefing, "…POLARIS was deprived during the summary judgment process of any opportunity to rebut this argument and reveal it as wholly inapplicable to the instant circumstances." (Dkt. 135 at 14.) Upon reconsideration, the Court agrees.

POLARIS argues that the Ms. Miller's claim cannot be saved under the cat's paw theory because there is no evidence that (1) Ms. Ballard harbored a racial animus, and (2) that Ms. Ballard's actions were the proximate cause of Ms. Miller's termination. "The cat's paw theory applies in the employment discrimination context when 'a biased subordinate who lacks decision-making power uses the formal decision maker as a dupe in a deliberate scheme to trigger a discriminatory employment action.'" *Johnson v. Koppers, Inc.*, 726 F.3d 910, 914 (7th Cir. 2013) (quoting *Smith v. Bray*, 681 F.3d 888, 897 (7th Cir. 2011)) (additional quotation marks omitted). Under the theory, "an employer may be liable for employment discrimination if a nondecision-maker performs an act motivated by [discriminatory] animus that is *intended* . . . to cause an adverse employment action, and . . . that act is a proximate cause of the ultimate employment action." *Harris v. Warrick Cnty. Sheriff's Dep't*, 666 F.3d 444, 448 (7th Cir. 2012) (quoting *Staub v. Proctor Hosp.*, 131 S. Ct. 1186, 1194 (2011)) (alterations and emphasis in original). "[T]he cat's paw theory requires both evidence that the biased subordinate actually harbored discriminatory animus against the victim of the subject employment action,

and evidence that the biased subordinate's scheme was the proximate cause of the adverse employment action." *Johnson*, 726 F.3d at 914.

Here, the Court found in its Entry on Summary Judgment that Ms. Miller had presented sufficient evidence that created a disputed issue of material fact that Ms. Ballard and Ms. Kemp harbored a racial animus. POLARIS's characterization of the Court's Entry is that the Court made this finding as a matter of law, which is not the case. The Court found in its previous Entry, and reiterates on reconsideration, that there is sufficient evidence on the record that creates a disputed issue of fact; the jury must decide whether Ms. Ballard's or Ms. Kemp's alleged racial slurs and treatment of Ms. Miller were a result of racial animus. The Court is bound to consider the evidence in the light most favorable to Ms. Miller and draw inferences in her favor. The Court disagrees with POLARIS that this ruling is a result of unreasonable leaps in the evidence.

Additionally, the Court found in its Entry on Summary Judgment that considering the evidence in the light most favorable to Ms. Miller, Ms. Ballard and Ms. Kemp tampered with Ms. Miller's work trays, gave her harder work, and sabotaged her work performance. POLARIS argues that there is insufficient evidence of Ms. Ballard's and Ms. Kemp's actions in the record to establish intention to get Ms. Miller fired, but more importantly, to establish proximate cause. In *Johnson*, the Seventh Circuit found that the plaintiff could not establish proximate cause when the actual cause of termination could be pinpointed to a specific event, and not the biased co-worker's actions identified by the plaintiff. POLARIS similarly contends that here, Ms. Miller's termination can be pinpointed to a specific cause, that is, her lack of overall productivity over eight months of employment.

On summary judgment, the Court made a finding that Ms. Miller failed to meet her required quota, except on one occasion, during her employment. The Court further found the production reports designated by POLARIS were indisputable evidence of Ms. Miller's actual productivity. POLARIS argues that even if Ms. Ballard and Ms. Kemp sabotaged Ms. Miller's work on more than the three occasions specifically mentioned in the record, it would have been impossible for Ms. Ballard and Ms. Kemp to interfere to an extent necessary to cause Ms. Miller's failure to produce adequate work. Ms. Miller alleges that she saw Ms. Ballard interfering with her work on a few occasions and was always assigned the most difficult work, and the Court must accept this as true. However, even accepting this as true, the Court—upon further consideration of the cat's paw causation requirement—agrees with POLARIS that Ms. Miller's evidence fails to establish tampering that could systematically reduce Ms. Miller's production numbers to an extent that she could not log an average of 260 samples per day, when she never averaged more than 189 samples per day during her eight months' of employment.

Ms. Miller's case is similar to *Jajeh v. County of Cook*, 678 F.3d 560, 565 (7th Cir. 2012), in which a doctor was terminated when he scored lowest among three doctors under review. The plaintiff-doctor argued that a biased non-decision maker had provided a negative performance review for discriminatory reasons and as result he scored lower than the other doctors; thus the non-decision maker's retaliatory actions were the cause of the termination. *Id.* at 572. The Seventh Circuit disagreed and found that "[e]ven if Dr. Jajeh had no points deducted for his negative performance review, he nevertheless would have scored lower than Drs. Catchatourian and Telfer because they each received high scores for having a specialty position." *Id.* Like in *Jajeh*, the Court finds that Ms. Miller's performance was so deficient—based upon her production reports—that the circumstantial evidence of Ms. Ballard's and Ms. Kemp's

actions on the few occasions alleged in the record could not be the proximate cause for POLARIS's action, i.e., termination of Ms. Miller. Additionally, Ms. Miller has not produced any evidence that Ms. Ballard's and Ms. Kemp's actions were intended to result in Ms. Miller's termination. The record evidence establishes that Ms. Ballard treated many employees—regardless of race—poorly. As POLARIS has correctly asserted, without this evidence, Ms. Miller's claim cannot succeed even under the cat's paw theory of liability. Ms. Miller's discrimination then fails, and POLARIS is entitled to summary judgment.

## IV. **CONCLUSION**

Accordingly, POLARIS's Motion for Reconsideration of the Entry on Motion for Summary Judgment (Dkt. 134) is **GRANTED** for the limited purpose discussed herein. POLARIS is entitled to summary judgment on Ms. Miller's discrimination claim and that claim is **DISMISSED with prejudice**. Because this Entry disposes of the remaining claim in this action, an appropriate final judgment will issue.

**SO ORDERED.**

Date: 06/24/2014

*[Signature]*
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Raymond J. Hafsten, Jr.
hafsten@sbcglobal.net

Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@cgglawfirm.com

Jan S. Michelsen
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
jan.michelsen@odnss.com