UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHONTEL M. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-cv-01004-TWP-DML |
| | ) | |
| POLARIS LABORATORIES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY FOLLOWING FINAL PRETRIAL CONFERENCE

This matter was before the Court for a final pretrial conference on April 27, 2016, held at the Indianapolis Courthouse. Plaintiff Chontel Miller ("Miller") appeared by counsel Richard L. Darst. Defendant Polaris Laboratories, LLC ("Polaris") appeared by counsel Jan S. Michelsen, John Kenyon Henning, IV, and Michelle R. Maslowski. David Moxley was the Court Reporter. During this final pretrial conference, the trial of this case was discussed and the following rulings were made and directions given pursuant to Trial Rule 16.

1. The Court reschedules the trial of this matter from May 22, 2016 to **Tuesday, May 31, 2016, at 9:00 a.m.** Parties are to make note of the new date. The trial is expected to last 3 to 4 days, and will be held in the Birch Bayh Federal Building and U.S. Courthouse, 46 East Ohio Street, Indianapolis, Indiana, Courtroom #344. Doors to the courtroom will be unlocked at **7:30 a.m.** Counsel must report no later than **8:00 a.m.** on the first morning of trial.

2. The claims to be tried are Miller's claim against Polaris for employment discrimination based on her race and a claim for retaliation based on her complaints regarding race discrimination. Polaris denies discrimination and asserts that Plaintiff was terminated because of poor performance.

3. The Court reviewed the parties' witness lists to determine who will testify and the subjects of their testimony.

    a. Miller presented a list of twelve witnesses and discussed the expected testimony of potential witnesses (Filing No. 177). Polaris objected to the catchall categories of witnesses of (1) custodians and any other persons necessary to establish the admissibility of exhibits, (2) additional persons later discovered to be witnesses, and (3) any person listed as a witness at any time by any party in this case. The Court **SUSTAINED** Polaris's objections to "additional persons later discovered to be witnesses" and any "person listed as a witness at any time by any party in this case" on the basis that by this late date, the final trial witness must be specifically named if they will be offered as a witness at trial. Polaris also objected to and filed a **Motion to Exclude Jay Riggs** (Filing No. 197) as a trial witness because he is not qualified to testify as an expert, was never disclosed as an expert, and was never disclosed as a lay witness until the final trial witness list was filed after the close of discovery. Miller does not dispute that she did not disclose Riggs as an expert witness and provide an expert report as required by the Federal Rules of Civil Procedure. Accordingly, Riggs may not offer expert testimony. Additionally, Miller failed to disclose Riggs as a lay witness until well after the close of discovery and on the eve of trial. The standard for exclusion of a witness based on late disclosure is the totality of the circumstances: (1) prejudice or surprise to the Plaintiff, (2) ability of Plaintiff to cure the prejudice, (3) extent the new witness would disrupt the orderly and efficient trial of the case, and (4) bad faith and willfulness of Defendant. *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012). Defendant asserts that Mr. Riggs has no personal knowledge of any facts, his proposed testimony was known to Miller as early as 2012 yet never disclosed,

the late disclosure is intentional and prejudicial. Based on the totality of circumstances, the Court **SUSTAINS** the objection and **GRANTS** Polaris's Motion to Exclude Jay Riggs (Filing No. 197).

      b.      Miller does not intend to call Deborah New, Terri Shotts, Chad Ziegler, or Adam Zimmerman, as witnesses in her case-in-chief.

      c.      Miller explained that she intends to present testimony at trial from witnesses Rhonda Ballard, Joseph Culp, Mark Minges, and Amanda Saperstein using their video depositions. She asserted that the first three witnesses were managers of Polaris and employee Amanda Saperstein was "adopted" as a Polaris representative, and thus, their deposition testimony can be used at trial for any purpose because the testimony is an admission of a party opponent. Polaris objected to the presentation of deposition testimony in lieu of live testimony because none of these witnesses are "unavailable" under Rule 32(a)(4). Miller responded that "unavailability" of the witness is irrelevant under Rule 32(a)(3), which allows use of depositions of the adverse party. Polaris's objection was taken under advisement. Thereafter, both parties filed submissions in support of their position. (Filing No. 217, Filing No. 218, Filing No. 219, and Filing No. 220.)

Rule 32(a)(3) provides that "[a]n adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." Rule 32(a)(3) says that a Rule 30(b)(6) deposition "may" be used "for any purpose," but nothing in the Rule indicates that these depositions may be used at any time or in any manner as a party sees fit. To allow such a course would undermine the "preference for live testimony" and the "importance of cross-examination." *See White v. Illinois*, 502 U.S. 346, 356 (1992).

Additionally, to allow this form of direct examination would undermine the Court's ability to efficiently run the trial. *See Gonzalez Prod. Sys. v. Martinrea Int'l Inc.*, 2015 U.S. Dist. LEXIS 122517, at *2–6 (E.D. Mich. Sept. 15, 2015). The Court first notes that none of the proposed witnesses are parties in this case. Miller has not shown the deponent's ability (or inability) to bind a business entity by the deponent's statements and whether such deposition testimony is given in an official representative capacity. Additionally, Miller has not shown that any of the depositions fit within any of the Rule 801(d)(2) categories, such that the deposition testimony could be said to have been an admission of Polaris. Considering the above, as well as the efficient management of the trial and the importance of cross-examination, the Court **SUSTAINS** Polaris's objection to the presentation of deposition testimony in lieu of live testimony from Rhonda Ballard, Joseph Culp, Mark Minges, and Amanda Saperstein. If the depositions were not taken pursuant to Rule 30(b)(6) or 31(a)(4), Miller may present during her case-in-chief testimony from Rhonda Ballard, Joseph Culp, Mark Minges, and Amanda Saperstein only through live testimony.

    d.    Polaris presented a list of thirteen witnesses and discussed the expected testimony of the potential witnesses ([Filing No. 181](#)). Miller had no objections to Polaris's witnesses. Polaris noted that it does not intend to call Miriam Posluszny or Kristi Reed. Polaris will designate either Bryan Debshaw or Don Woods as the party representative/assisting witness during trial.

    e.    To avoid calling non-party witnesses twice, the parties should conduct direct and cross-examinations the first time a non-party witness is called. The Court discourages the parties from calling cumulative witnesses and presenting cumulative testimony.

4. The Court reviewed the parties' exhibit lists and now makes the following rulings:

a. Miller's Exhibit List (Filing No. 178) designated seventy-nine exhibits. Polaris filed objections to many of the exhibits (Filing No. 200). Polaris objects to Exhibits 3–13, 16–17, 20–22, 35, 36, 59, 62–66, and argues that many of these personnel file records predate Miller's employment with Polaris or Ballard's employment as a supervisor. The Court has conducted a Rule 403 balancing test and finds that these personnel file records have little, if any, relevance to Miller's claims of race discrimination and retaliation. Admission of these exhibits would result in confusion, waste of time, and undue prejudice. Therefore, the Court **SUSTAINS** the objections to Exhibits 3–13 and 16–17, 20–22, 35, 36, 59, and 62–66.

The Court **SUSTAINS** the objections to Exhibits 27, 38, 39, 41, and 44, as these "reserved" exhibits did not identify any specific exhibit to be introduced.

The Court **SUSTAINS** the objections to Exhibits 47 and 48 for the reasons explained in the Court's Order on Motions in *Limine* (Filing No. 211 at 4), as they relate to other lawsuits, EEOC charges, or administrative claims in which Polaris has been named a party or defendant. The Court finds the probative value of these exhibits to be slight at best. What allegedly occurred with regard to Young's employment under a different supervisor and manager after Miller departed Polaris is not relevant to whether POLARIS discriminated or retaliated against Miller. The Court concludes that such evidence would be unfairly prejudicial, irrelevant, and cause undue delay. The Court clarifies that Miller may elicit testimony from Bobbie Jo Young that she was terminated by Polaris shortly after Polaris was informed that she had given testimony in favor of Miller. However, testimony and evidence regarding other lawsuits, EEOC charges, or administrative claims will not be permitted.

The Court **continues to take under advisement** the objection to Exhibit 69. Polaris argues that the exhibit is a chart created by counsel for trial, summarizing various facts which are properly presented through witness testimony or original source documents, not counsel-created demonstrative summaries. *See United States v. White*, 737 F.3d 1121, 1135 (7th Cir. 2013) ("the exhibit must accurately summarize those [voluminous] documents. It must not misrepresent their contents or make arguments about the inferences the jury should draw from them."). Miller asserts that the summary is based on facts and evidence which will be presented at trial. With the proper foundation, this exhibit may be admissible. If offered at trial, the Court will rule on the admissibility of Exhibit 69 at that time.

The Court **SUSTAINS** Polaris's objections to Exhibits 70–76, video depositions of non-party witnesses, for the reasons explained above. Miller may offer these exhibits only if they were Rule 30(b)(6) depositions on behalf of Polaris. Otherwise, Miller must present this testimony via live testimony from these witnesses at trial. This ruling is not meant to exclude Miller's ability to use excerpts of the video depositions or transcript of the depositions for impeachment purposes.

The Court **SUSTAINS** Polaris's objections to Exhibits 77–79, catchall categories of unidentified exhibits, on the basis that exhibits must be specifically identified on the final trial exhibit list if they will be offered at trial.

The Court **OVERRULES** the objection to Exhibit 67 as this personnel file record specifically mentions Miller, her work performance, and this litigation, thereby making it relevant.

    b.    Polaris's Exhibit List ([Filing No. 182](#)) designated seventy-three exhibits. Miller filed objections to many of the exhibits ([Filing No. 198](#)). The Court **SUSTAINS** the

objection to Exhibit 205, the sample processing technician job description, because it is not the job description from at the time Miller was hired. If previously disclosed to opposing counsel, Polaris may offer the job description that was in effect at the time Miller was hired.

The Court **SUSTAINS** the objection to Exhibit 209, the April 2010 employee handbook, because it post-dates Miller's employment at Polaris.

The Court **SUSTAINS** the objection regarding Exhibit 215. The last page of Miller's response to interrogatories that refers to a criminal arrest record and bankruptcy is excluded, and reference to such exclusion may not be made to the jury.

The Court **SUSTAINS** the objections to Exhibits 258 and 259 because Miller asserts that they were not produced to her during discovery, and Polaris failed to establish otherwise.

The Court **SUSTAINS** the objections to Exhibits 260–266 because Miller asserts the photographs do not accurately depict the sample processing work area at the time of her employment, and Polaris has failed to establish otherwise.

The Court **OVERRULES** the objection to Exhibit 208, the December 2009 employee handbook, because this handbook would have been in effect during Miller's employment at Polaris.

The Court **OVERRULES** the objection to Exhibits 220–257 because they appear to be business records and not summaries of voluminous writings, nor do they derive from voluminous green bar reports.

c.     The parties are to confer and discuss whether they can agree in advance on the admissibility of some exhibits and the authenticity of exhibits to avoid calling witnesses solely for foundational purposes.

5. The parties have not filed any joint stipulations of fact. The parties are **ordered** to confer and make diligent efforts to enter and file stipulations.

6. The Court discussed jury instructions and the joint issue instruction:

   a. The Court will use its own preliminary jury instructions, which will be emailed to counsel on **Wednesday, May 25, 2016**. Counsel will have until **12:00 p.m. on Friday, May 27, 2016**, to file any objections to the Court's proposed preliminary instructions.

   b. The parties filed joint proposed jury instructions and a joint issue instruction with each party's objections ([Filing No. 212](#)). The parties' Proposed Instruction No. 3 ([Filing No. 212-1 at 4](#)) will serve as the issue instruction.

   c. Final jury instructions will be settled after the close of evidence.

   d. The parties are **ordered** to confer and submit joint verdict forms by **Thursday, May 26, 2016**.

7. The Court discussed *voir dire*, the jury, and opening statements:

   a. Jury selection will commence on **Tuesday, May 31, 2016, at 9:00 a.m.** Counsel may obtain a copy of the responses to juror questionnaires in person from the Courtroom Deputy Clerk on **Friday, May 27, 2016, at 12:00 p.m**. The questionnaires may not be photocopied and must be returned to the Courtroom Deputy Clerk once a jury is seated and sworn.

   b. A panel of thirty (23) prospective jurors will be called, and a jury of seven (7) and no alternates will be empaneled. The Court will examine the panel with its standard *voir dire* questions and may incorporate questions submitted by counsel, after which counsel for the Plaintiff and the Defendant will have up to fifteen (15) minutes per side for

any follow-up questions. The Court **SUSTAINS** Miller's objection to Polaris's proposed *voir dire* question number 14 regarding Miller's former fiancé. Challenges for cause will be made at the bench. After challenges for cause are resolved, the parties will each have three (3) peremptory challenges, which shall be exercised simultaneously and in writing. There will be no backstriking.

    c.    The Court informed the parties that, during the trial, jurors may submit written questions for witnesses to the Court, following the procedures endorsed by the Seventh Circuit Bar Association.

    d.    Each side will have twenty-five (25) minutes for opening statements. The amount of time allotted for closing arguments will be determined at the close of evidence.

    e.    **Before Friday, May 27, 2016, at 12:00 p.m.**, counsel shall advise and share with one another any demonstrative exhibits they intend to use during opening statements. Any objections to demonstrative exhibits must be filed by **5:00 p.m. on Friday, May 27, 2016**, so that they may be resolved before the opening statements.

8.    The Court **GRANTED** Polaris's Motion for Separation of Non-party Witnesses ([Filing No. 192](#)). The parties are to instruct their witnesses to report to Room #346. The parties also are to instruct their witnesses that they may not be present in the courtroom except during their testimony and they are not to discuss their testimony either before or after it is given.

9.    The parties' indicated that further efforts to reach a settlement appear to be futile.

10.    Counsel intend to use the Court's VEPS system, and they are instructed to schedule training with the Courtroom Deputy Clerk.

11.    Counsel are reminded that parties and witnesses may not be addressed by their first names. To familiarize themselves with the Court's practices and procedures, counsel should

review Judge Pratt's "Courtroom Procedures and Trial Practice" (Filing No. 23) before the start of the trial.

   **SO ORDERED.**

Date: 5/2/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@cgglawfirm.com

Jan S. Michelsen
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
jan.michelsen@odnss.com

Michelle R. Maslowski
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
michelle.maslowski@ogletreedeakins.com

John Kenyon Henning, IV
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
john.henning@ogletreedeakins.com